UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLYMOUTH ROCK ENERGY, LLC,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY** |

Plaintiff, Philip J. Charvat (hereinafter referred to as "Plaintiff"), by his undersigned counsel, for this class action Complaint against Defendant, Plymouth Rock Energy, LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Defendant" or "Plymouth Rock"), alleges as follows:

## I.  INTRODUCTION

1.  <u>Nature of Action</u>.  Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II.  PARTIES

2.  Plaintiff, Philip J. Charvat, is a resident of the state of Ohio.

3.  Defendant, Plymouth Rock Energy, LLC, is a New York corporation with its principal place of business in Woodmere, New York.  Defendant, thus, is a citizen of New York.  Defendant is registered to do and is doing business in New York and throughout the United States.

## III.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. This Court has personal jurisdiction over Defendant because it has submitted to New York jurisdiction by registering with the Department of State to do business in the state of New York, and the wrongful acts alleged in this Complaint were committed in New York.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District.

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).

9. The National Do-Not-Call Registry allows residential telephone subscribers to register their telephone numbers with the Registry thereby indicating their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

10. The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

11. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

12. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V. FACTUAL ALLEGATIONS

13. Plymouth Rock is a residential and commercial energy provider.

14. Part of Plymouth Rock's strategy for increasing the volume of its customers involves the use of telephone solicitation calls.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff placed his residential telephone number, (614) 895-XXXX, on the National Do-Not-Call Registry on September 12, 2011.

17. On April 15, 2015, Plaintiff received a telephone solicitation call on his residential telephone line marketing Plymouth Rock's energy services.

18. The caller, "Joe," identified Plymouth Rock as the company on behalf of which the call was being made.

19. During the call, Plaintiff asked "Joe" if Plymouth Rock had a website he could look at. "Joe" provided the website www.plymouthrockenergy.com.

20. The website www.plymouthrockenergy.com is owned and operated by Plymouth Rock. *See*

https://who.godaddy.com/whoisstd.aspx?domain=plymouthrockenergy.com&prog_id=GoDaddy (last visited on July 9, 2015).

21. On May 4, 2015, Plaintiff received another telephone solicitation call on his residential telephone line marketing Plymouth Rock's energy services.

22. Plaintiff is not a customer of Plymouth Rock.

23. Plaintiff never provided Plymouth Rock with his personal information nor his residential telephone number.

24. Both of the above-described calls occurred after Plaintiff had registered his residential telephone number with the National Do-Not-Call Registry.

25. Plaintiff did not provide written prior express consent to receive telephone solicitation calls on his residential telephone line from, or on behalf of, Plymouth Rock.

26. Unfortunately, the Plaintiff's experience with Plymouth Rock is not unique, as others have complained about similar activities after having received telemarketing calls from:

> They have called us 7 times in 2 days. They say they are not selling anything but that they can lower my gas bill. I told them we were on a do not call list but they dont [sic] listen. I have asked them 3 times to take me off their calling list. I told them I would call the police next for harrassement [sic] and I hung up. its been impossible to get rid of them so far
>
> *Date*: January 18, 2015
>
> This number called 4 times yesterday and twice today. Identified themselves as Plymouth Rock Energy and insist they are not selling anything. Aggressively persistent, do not understand 'not interested' and 'please do not calle [sic] me'. Told them they have called half a dozen times in the last 24 hrs
>
> *Caller*: *Plymouth Rock Energy*
>
> *Date*: January 18, 2015

27. Plymouth Rock is responsible for making the above-described telephone solicitation calls.

28. Plymouth Rock has initiated a significant number of telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Ohio and throughout the entire United States.

29. Plymouth Rock intends to continue to make telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Ohio and throughout the entire United States.

30. Plaintiff and all members of the Class, defined in paragraph 31, below, have been harmed by the acts of Defendant because their privacy has been violated as they were subjected to annoying and harassing calls that constitute a nuisance.

## VI. CLASS ACTION ALLEGATIONS

31. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of a National Class defined as follows:

> All persons in the United States to whom:  (a) Defendant and/or any person or entity acting on Defendant's behalf initiated more than one telephone solicitation call; (b) promoting Defendant's goods or services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

32. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

33. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the Class who have registered their residential telephone numbers with the National Do-Not-Call Registry;

    b.    Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the Class who have registered their residential telephone numbers with the National Do-Not-Call Registry, thus entitling Plaintiff and members of the Class to treble damages;

    c.    Whether Defendant is liable for telephone calls to persons on the National Do-Not-Call Registry initiated by Defendant's affiliates, agents, and/or other persons and entities acting on Defendant's behalf;

    d.    Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

34. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

35. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class.

36. <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

37. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small

claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

38. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII. FIRST CLAIM FOR RELIEF

### (Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry)

39. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the Class who have registered their telephone numbers with the National Do-Not-Call Registry.

41. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

42. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## VIII.  SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry)

43. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the Class who have registered their telephone numbers with the National Do-Not-Call Registry.

45. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

46. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone

solicitation to any telephone subscriber who has registered their telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    F.    An award to Plaintiff and the Class of damages, as allowed by law;

    G.    An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

    H.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated:  July 13, 2015.

        Respectfully submitted,

        THE RICHMAN LAW GROUP


By:  */s/ Kim E. Richman*
      Kim E. Richman
      Email:  krichman@richmanlawgroup.com
      195 Plymouth Street
      Brooklyn, New York 11201
      Telephone:  (212) 687-8291

      Edward A. Broderick
      Email:  ted@broderick-law.com
      Anthony Paronich
      Email:  anthony@broderick-law.com
      BRODERICK LAW, P.C.
      125 Summer Street, Suite 1030
      Boston, Massachusetts 02110
      Telephone:  (617) 738-7080
      Facsimile:  (617) 830-0327

      Matthew P. McCue
      Email: mmccue@massattorneys.net
      THE LAW OFFICE OF MATTHEW P. MCCUE
      1 South Avenue, Suite 3
      Natick, Massachusetts 01760
      Telephone:  (508) 655-1415
      Facsimile:  (508) 319-3077

      Beth E. Terrell
      Email:  bterrell@tmdwlaw.com
      Jennifer Rust Murray
      Email:  jmurray@tmdwlaw.com
      Mary B. Reiten
      Email:  mreiten@tmdwlaw.com
      TERRELL MARSHALL DAUDT
        & WILLIE PLLC
      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 350-3528

      *Attorneys for Plaintiff and the Proposed Class*