UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP J. CHARVAT and SABRINA WHEELER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>PLYMOUTH ROCK ENERGY, LLC, ENERGY ACQUISITIONS GROUP, LLC, and JOHN WILLIAM VAN TUBERGEN,<br><br>      Defendants. | NO. 2:15-cv-04106-JMA-SIL<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY** |

    Plaintiffs, Philip J. Charvat and Sabrina Wheeler (hereinafter collectively referred to as "Plaintiffs"), by their undersigned counsel, for this class action Complaint against Defendants, Plymouth Rock Energy, LLC, Energy Acquisitions Group, LLC, John William Van Tubergen, and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Defendants"), allege as follows:

## I. INTRODUCTION

    1. <u>Nature of Action</u>.  Plaintiffs, individually and as class representatives for all others similarly situated, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

    2. Plaintiff, Philip J. Charvat ("Plaintiff Charvat"), is a resident of the state of Ohio.

    3. Plaintiff, Sabrina Wheeler ("Plaintiff Wheeler"), is a resident of the state of Illinois.

4. Defendant, Plymouth Rock Energy, LLC ("Plymouth Rock"), is a Delaware limited liability company with its principal place of business in Woodmere, New York. Plymouth Rock, thus, is a citizen of New York. Plymouth Rock is registered to do and is doing business in New York and throughout the United States.

5. Defendant, Energy Acquisitions Group ("EAG"), is a Michigan limited liability company with its principal place of business in Wyoming, Michigan. EAG is doing business in New York and throughout the United States.

6. Defendant, John William Van Tubergen ("Defendant Van Tubergen"), is a resident of the state of Michigan. Defendant Van Tubergen is the owner and sole shareholder of EAG, and has directed all of EAG's telemarketing activities during the putative class period.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Plymouth Rock because it has submitted to New York jurisdiction by registering with the Department of State to do business in the state of New York, and a substantial part of the wrongful acts alleged in this Complaint were committed in New York.

9. This Court has personal jurisdiction over EAG because EAG contracted with a New York company to provide telemarketing services. In the provision of those telemarketing services, EAG directed telemarketing activity into New York State, availing itself of the privilege of doing business within New York State. Further, EAG's illegal telemarketing to New York residents caused injury within New York State's borders.

10. The Court has personal jurisdiction over Defendant Van Tubergen because he personally participated in designing and directing the telemarketing campaigns that targeted residents of New York State, availing himself and his company, EAG, of the privilege of doing business within New York State. Further, Defendant Van Tubergen's personal involvement contributed to the illegal telemarketing by EAG that caused injury within New York State's borders.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plymouth Rock resides in this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

14. The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. See 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).

15. The National Do-Not-Call Registry allows residential telephone subscribers to register their telephone numbers with the Registry thereby indicating their desire not to receive

telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

17. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Defendants

19. Plymouth Rock is a residential and commercial energy provider.

20. Part of Plymouth Rock's strategy for increasing the volume of its customers involves the use of telephone solicitation calls.

21. EAG is a direct marketing company that focuses its business in the energy marketplace. *See* https://www.linkedin.com/in/telesalesandmarketing (last visited February 9, 2016).

22. Plymouth Rock contracted with EAG to increase the volume of its customers.

23. Part of the EAG's strategy for increasing the volume of Plymouth Rock's customers involves the use of telephone solicitation calls, including ATDS generated and/or automated calls.

24. Additionally, Plymouth Rock provided leads to EAG for purposes of telemarketing Plymouth Rock's goods and services.

25. Plymouth Rock is legally responsible for ensuring that EAG's telephone solicitation activities comply with the TCPA, even if Plymouth Rock does not make the calls themselves.

26. The FCC concurs that sellers such as Plymouth Rock may not avoid liability by outsourcing telemarketing because doing so "would leave consumers in many cases without an effective remedy for telemarketing intrusions." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 (2013).

27. Under the standards outlined in the FCC's Order, and by other Courts interpreting that Order, Plymouth Rock is directly liable to Plaintiffs and members of the Classes as well as vicariously liable through theories of agency such as actual authority and ratification.

28. Although EAG made the calls to Plaintiffs, Plymouth Rock also participated in the calls by setting the guidelines and parameters for customers who would be acceptable for EAG to transfer to Plymouth Rock.

29. For example, Plymouth Rock directed the timing and geographic location requirements for prospective customers.

30. Plymouth Rock ratified EAG's actions by accepting the benefits of EAG's activities through accepting prospective customers generated by EAG through its illegal telephone solicitation activities.

31. Defendant Van Tubergen is the owner and sole shareholder of EAG.

32. Defendant Van Tubergen has directed all of EAG's telemarketing activities during the putative class period.

33. Under the TCPA, an individual officer such as Defendant Van Tubergen may be personally liable if they had direct and personal participation or personally authorized the conduct at issue.

34. An individual such as Defendant Van Tubergen may also be personally liable pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

47 U.S.C. § 217 (emphasis added).

35. Defendant Van Tubergen has both personally participated, through aggregation and compilation of the dialing lists of individuals to be called and working on the telemarketing script used to make those calls, as well as having personally authorized the telemarketing system used by EAG at issue through systemizing the telemarketing conduct used to promote Plymouth Rock's goods and services.

**B. Factual Allegations Regarding Plaintiff Charvat**

36. Plaintiff Charvat is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

37. Plaintiff Charvat placed his residential telephone number, (614) 895-XXXX, on the National Do-Not-Call Registry on September 12, 2011.

38. On April 15, 2015, Plaintiff Charvat received a telephone solicitation call on his residential telephone line marketing Plymouth Rock's energy services.

39. The caller, "Joe," identified Plymouth Rock as the company on behalf of which the call was being made.

40. During the call, Plaintiff Charvat asked "Joe" if Plymouth Rock had a website he could look at. "Joe" provided the website www.plymouthrockenergy.com.

41. The website www.plymouthrockenergy.com is owned and operated by Plymouth Rock. *See* https://who.godaddy.com/whoisstd.aspx?domain=plymouthrockenergy.com&prog_id =GoDaddy (last visited on July 9, 2015).

42. On May 4, 2015, Plaintiff Charvat received another telephone solicitation call on his residential telephone line marketing Plymouth Rock's energy services.

43. Plaintiff Charvat is not a customer of Plymouth Rock.

44. Plaintiff Charvat never provided Plymouth Rock with his personal information nor his residential telephone number.

45. Both of the above-described calls occurred after Plaintiff Charvat had registered his residential telephone number with the National Do-Not-Call Registry.

46. Defendant EAG made the above-described calls.

47. Plaintiff Charvat did not provide written prior express consent to receive telephone solicitation calls on his residential telephone line from, or on behalf of, Defendants.

48. Defendants have initiated a significant number of telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Ohio and throughout the entire United States.

49. Defendants intend to continue to make telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Ohio and throughout the entire United States.

**C.     Factual Allegations Regarding Plaintiff Wheeler**

50. Plaintiff Wheeler is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

51. In or around 2015, Plaintiff Wheeler received approximately five (5) telephone solicitation calls on her cellular telephone number, (773) 654-XXXX, from, or on behalf of, Plymouth Rock.

52. When each of the calls from, or on behalf of, Plymouth Rock connected, there was a significant pause before a live person came on the line, which indicated to Plaintiff Wheeler, that the call had been made by an automatic telephone dialing system (ATDS).

53. On each of these five (5) occasions, Plaintiff Wheeler requested that the telephone solicitation calls cease.

54. Notwithstanding her requests that Defendants cease calling her, Plaintiff Wheeler, thereafter, continued to receive ATDS generated and/or automated calls on her cellular telephone from, or on behalf of, Defendants.

55. Plaintiff Wheeler is not a customer of Plymouth Rock.

56. Plaintiff Wheeler never provided Defendants with her personal information nor her cellular telephone number.

57. EAG made the above-described ATDS generated and/or automated calls.

58. Defendants have made a significant number of ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in Illinois and throughout the entire United States.

59. Defendants intend to continue to make similar ATDS generated and/or automated prerecorded calls to persons on their cellular telephones in Illinois and throughout the entire United States.

**D.     Factual Allegations Regarding Consumer Complaints**

60. Unfortunately, Plaintiffs' experiences with Plymouth Rock are not unique, as others have complained about similar activities after having received telemarketing calls:

> They have called us 7 times in 2 days. They say they are not selling anything but that they can lower my gas bill. I told them we were on a do not call list but they dont [sic] listen. I have asked them 3 times to take me off their calling list. I told them I would call the police next for harrassement [sic] and I hung up. its been impossible to get rid of them so far
>
> *Date*:  January 18, 2015
>
> This number called 4 times yesterday and twice today. Identified themselves as Plymouth Rock Energy and insist they are not selling anything. Aggressively persistent, do not understand 'not interested' and 'please do not calle [sic] me'. Told them they have called half a dozen times in the last 24 hrs
>
> *Caller:  Plymouth Rock Energy*
>
> *Date*:  January 18, 2015

61. Plymouth Rock is responsible for making, or contracting with EAG to make, on its behalf, the above-described telephone solicitation calls.

62. Plaintiffs and all members of the Classes, defined in paragraph 63, below, have been harmed by the acts of Defendants because their privacy has been violated as they were subjected to annoying and harassing calls that constitute a nuisance.

## VI.  CLASS ACTION ALLEGATIONS

63. <u>Class Definitions</u>.  Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case as a class action on behalf of two National Classes defined as follows:

> <u>Cell Phone Class</u>:  All persons in the United States to whom:  (a) Defendants and/or a third party acting on Defendants' behalf, made one or more telephone calls; (b) promoting Plymouth Rock's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Amended Complaint to trial.
>
> <u>National Do-Not-Call Class</u>:  All persons in the United States to whom:  (a) Defendants and/or any person or entity acting on Defendants' behalf initiated more than one telephone solicitation call; (b) promoting Plymouth Rock's goods or services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (f) at any time in the period that begins July 13, 2011 to trial.

Excluded from Classes are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

64. <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is impracticable.  On information and belief, the Classes each have more than 100 members.  Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

65. <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiffs and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

      a.      As to Plaintiff Wheeler and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

      b.      As to Plaintiff Wheeler and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff Wheeler and members of the Cell Phone Class to treble damages;

      c.      As to Plaintiff Charvat and the National Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff Charvat and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call Registry;

      d.      As to Plaintiff Charvat and the National Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff Charvat and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call Registry, thus entitling Plaintiff Charvat and members of the National Do-Not-Call Class to treble damages;

  e. Whether Defendants are liable for ATDS generated and/or automated or prerecorded calls promoting Plymouth Rock's products, goods, and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

  f. Whether Defendants are liable for telephone calls to persons on the National Do-Not-Call Registry made by Defendants' affiliates, agents, and/or other persons and entities acting on Defendants' behalf;

  g. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

66. <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs' claims, like the claims of Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

67. <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Classes.  Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

68. <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Classes.  The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

69. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

70. <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on information and belief, Plaintiffs allege that the telephone solicitation calls and/or automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### VII.  FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

71. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

72. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff Wheeler and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

73. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff Wheeler and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Plaintiff Wheeler and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.  SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

75. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

76. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff Wheeler and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

77. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff Wheeler and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

78. Plaintiff Wheeler and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## IX.  THIRD CLAIM FOR RELIEF

**(Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

79. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

80. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff Charvat and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

81. As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 C.F.R. § 64.1200(c), Plaintiff Charvat and members of the National Do-Not-Call Class are entitled to an award of $500 in statutory

damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

82. Plaintiff Charvat and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

### X.  FOURTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

83. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

84. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff Charvat and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

85. As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiff Charvat and members of the National Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering

their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

86. Plaintiff Charvat and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any telephone subscriber who has registered their telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for judgment against Defendants as follows:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiff Wheeler as representative of the Cell Phone Class;

    C.    Appointment of Plaintiff Charvat as representative of the National Do-Not-Call Class;

    D.    Appointment of the undersigned counsel as counsel for the Classes;

    E.    A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    F.    An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    G.    An award to Plaintiffs and the Classes of damages, as allowed by law;

    H.    An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

    I.    Leave to amend this Complaint to conform to the evidence presented at trial; and

J.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XII.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

Dated:   February 22, 2016

Respectfully submitted,


By:   */s/  Anthony Paronich*
Edward A. Broderick
Email:  ted@broderick-law.com
Anthony Paronich
Email:  anthony@broderick-law.com
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:  (617) 830-0327

Kim E. Richman
Email:  krichman@richmanlawgroup.com
195 Plymouth Street
Brooklyn, New York 11201
Telephone:  (212) 687-8291

Matthew P. McCue
Email: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone:  (508) 655-1415
Facsimile:  (508) 319-3077

        Beth E. Terrell
        Email:  bterrell@terrellmarshall.com
        Jennifer Rust Murray
        Email:  jmurray@terrellmarshall.com
        Mary B. Reiten
        Email:  mreiten@terrellmarshall.com
        TERRELL MARSHALL LAW GROUP PLLC
        936 North 34th Street, Suite 300
        Seattle, Washington  98103-8869
        Telephone:  (206) 816-6603
        Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record. I've also sent the same for service to:

        John William Van Tubergen
        Energy Acquisitions Group, LLC,
        2455 Central Ave., SW
        Wyoming, MI 49519

        /s/ *Anthony I. Paronich*
        Anthony Paronich