## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP J. CHARVAT, an Ohio resident and SABRINA WHEELER, an Illinois resident, individually and on behalf of all others similarly situated, | NO. 2:15-cv-04106-JMA-SIL |
| Plaintiffs, | |
| v. | |
| PLYMOUTH ROCK ENERGY, LLC, ENERGY ACQUISITIONS GROUP LLC and JOHN WILLIAM VAN TUBERGEN | |
| Defendants. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of December 22, 2016, by and among Philip Charvat and Sabrina Wheeler ("Plaintiffs"), individually and on behalf of the class of persons they seek to represent (the "Settlement Class" defined below), and Plymouth Rock Energy, LLC ("Plymouth Rock") (Plaintiffs and Plymouth Rock are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions of the Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On July 13, 2015, Plaintiff Charvat filed a proposed class action complaint against Plymouth Rock in the United States District Court for the Eastern District of New York, captioned *Philip J. Charvat, individually and on behalf of all others similarly situated, v. Plymouth Rock Energy, LLC*, No. 15-cv-04106 (the "Action"), alleging, among other things, that Plymouth Rock made telemarketing calls to telephone numbers listed on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the regulations promulgated by the Federal Communications Commission (the "FCC") under that statute.

B.      On September 24, 2015, Plymouth Rock filed its Answer and Affirmative Defenses to the Complaint. In that pleading, among other things, Plymouth Rock denies that it violated the TCPA or the FCC's regulations.

C.      On February 22, 2016, Plaintiffs filed their Amended Class Action Complaint, adding Plaintiff Wheeler as a proposed class representative and allegations against Energy Acquisitions Group, LLC ("EAG") and John William Van Tubergen ("Mr. Van Tubergen"). Plaintiffs allege that EAG and Mr. Van Tubergen made the calls on behalf of Plymouth Rock and also called cellular telephone numbers in violation of the TCPA.

D.      On April 7, 2016 Plymouth Rock filed a letter motion with the Court stating that it intended to file a motion to dismiss the Amended Class Action Complaint. This case was stayed for mediation before that motion was filed.

E.      On August 2 and September 28, 2016, the Parties participated in two full-day mediation sessions with the Honorable Richard Billik (Ret.) of ADR Systems in Chicago,

Illinois. The Parties made substantial progress on the key terms of a class action settlement through those two sessions.

F.       After further negotiations, the parties agreed to the key terms of a class action settlement on October 5, 2016.

G.       Plymouth Rock at all times has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it violated the TCPA or the FCC's regulations, or committed any other wrongful act or violation of law.

H.       Plaintiffs believe that the claims asserted in the Action have merit. Nonetheless, Plaintiffs and their counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Plymouth Rock through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiffs and their counsel also have taken into account the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Based on their evaluation, which they have confirmed by consulting with their own expert, Plaintiffs' counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

I.       The Parties agree that the Action was resolved in good faith, following arm's-length bargaining presided over by a retired judge of the Circuit Court of Cook County, Illinois acting as a neutral mediator.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the

benefits flowing from the Settlement Agreement set forth herein, that the Action and the

Released Claims shall be finally and fully compromised, settled, and released, and the Action

shall be dismissed with prejudice, upon and subject to the terms and conditions of this

Agreement.

**AGREEMENT**

**1.     DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified
below:

1.1     **"Plymouth Rock Counsel"** means:

> Simon Fleischmann
> LOCKE LORD LLP
> 111 South Wacker Drive
> Chicago, Illinois 60606

1.2     **"Class Counsel"** means:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Beth E. Terrell
> Jennifer Rust Murray
> TERELL MARSHALL LAW GROUP
> 936 North 34th Street, Suite 300
> Seattle, Washington  98103
>
> Kim E. Richman
> THE RICHMAN LAW GROUP
> 195 Plymouth Street
> Brooklyn, New York 11201

1.3     **"Class Representatives"** means Philip Charvat and Sabrina Wheeler.

1.4     **"Court"** means the United States District Court for the Eastern District of New York.

1.5     **"Effective Date"** means the date one (1) business day after which all of the events and conditions specified in Paragraph 9.1 have occurred and have been met.

1.6     **"Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.7     **"Final"** means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals, the date of final dismissal or completion – in a manner that finally affirms and leaves in place the Final Approval Order and Judgment.

1.8     **"Final Approval Hearing"** means the hearing before the Court where the Plaintiffs will request that the Court enter the Final Approval Order and Judgment, approve the Settlement Agreement, and approve the Fee Award and the incentive awards to the Class Representatives.

1.9     **"Final Approval Order and Judgment"** means a document substantially in the form of Exhibit 1, to be entered by the Court following the Final Approval Hearing.

1.10     **"Mediator"** means Honorable Richard Billik (Ret.) of ADR Systems.

1.11     **"Mail Notice"** means the notice with attached Claim Form in substantially the form of Exhibit 2.

1.12     **"Class Notice"** means all types of notice that will be provided to the Settlement Class including the Mail Notice, Website Notice, Online Media Notice, and any different or additional notice that might be ordered by the Court.

1.13    **"Online Media Notice"** means the on-line media campaign designed by the Settlement Administrator as set forth in Paragraph 4.2(b) of this Agreement.

1.14    **"Person"** means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.15    **"Claim Form"** means the claim form to be submitted by Settlement Class Members in order to receive a cash award pursuant to Paragraph 2.3 of this Agreement that is substantially in the form of Exhibit 3.

1.16    **"Notice Plan"** means the plan, as set forth in Paragraph 4.2 and as executed and administered by the Settlement Administrator, for disseminating Class Notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

1.17    **"Objection/Exclusion/Claim Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a request for exclusion, or (3) a claim, submitted by a Person within the Settlement Class must be postmarked, which shall be no later than eighty-one (81) days after entry of the Preliminary Approval Order, or such other date as ordered by the Court, which deadline shall be posted to the Settlement Website listed in Paragraph 4.2(c).  The Objection/Exclusion/Claim Deadline also includes the date by which Settlement Class Members must submit online claims via the Settlement Website.

1.18    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is physically signed or electronically verified by the

Settlement Class Member, and (c) is not the subject of an objection by any Party that has not been overruled in accordance with this Agreement.

      1.19   **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 4, to be entered by the Court for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the forms of Class Notice and the Notice Plan.

      1.20   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of or related in any way to the Released Parties' contact or attempt to contact Settlement Class members on their telephones, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as related to calls placed to telephone numbers on behalf of Plymouth Rock during the class period.

      1.21   **"Released Parties"** means Plymouth Rock Energy, LLC, along with any and all of its present or former predecessors, successors, subsidiaries, and all of their respective owners, officers, directors, partners, members, principals, agents, insurers, insureds, representatives, employees, shareholders, attorneys, servants, and assigns.  Notwithstanding the foregoing,

nothing in this Agreement is intended to release EAG or VanTubergen from any liability to Plymouth in connection with the Action or otherwise; any such liability is expressly preserved.

1.22 **"Releasing Parties"** means: (a) Plaintiffs; (b) Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such members submit claims); and (c) all of their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, agents, and all persons acting through or in concert with any of them.

1.23 **"Settlement"** means the settlement contemplated by this Agreement.

1.24 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Class Notice, and mailing checks for Settlement Class Members. Settlement Administration Expenses shall be paid from the Settlement Fund.

1.25 **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC ("KCC").

1.26 **"Class List"** means the list of Persons who were called by EAG, or another person or entity at the direction of EAG, to promote Plymouth Rock's goods or services, as identified by the Plaintiffs' expert witnesses.

1.27 **"Settlement Class"** means all Persons who, on or after July 13, 2011 through the date of preliminary approval of the Settlement, received a call promoting Plymouth Rock's goods or services on a cellular telephone using an automatic telephone dialing system or prerecorded voice, or who were on the National Do-Not-Call Registry and received more than one call in a twelve month period from Plymouth Rock, or any third party calling on Plymouth Rock's behalf. Excluded from the Settlement Class are: (1) the Judge and Magistrate presiding over the Action, and members of their families; and (2) the Released Parties.

- 8 -

1.28     **"Settlement Class Member" or "Class Member"** means a Person who falls within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.29     **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel, and any approved incentive award to the Class Representatives.

1.30     **"Settlement Fund"** means $1,675,000 that Plymouth Rock has agreed to pay pursuant to the terms of this Settlement Agreement, including Paragraph 2.1 below.

1.31     **"Website Notice"** means the information regarding the Settlement that will be available to Class members on the Settlement Website substantially in the form of Exhibit 5.

1.32     **"Settlement Website"** means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement and the Website Notice.

2.     **SETTLEMENT RELIEF**

2.1     **Settlement Fund.** Plymouth Rock agrees to provide a Settlement Fund in the amount of $1,675,000 for the purpose of making payments with respect to all Class Members under this Agreement, all Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel. Plymouth Rock will fund the Settlement Fund as follows: (a) within thirty (30) days following entry of the Preliminary Approval Order, Plymouth Rock will transfer $1,675,000 to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to Plymouth Rock). The Settlement Administrator will hold those amounts until such time as the Settlement Administrator is authorized to use or pay

those funds, including for any authorized up-front notice costs, pursuant to the Settlement

Agreement, the Preliminary Approval Order, or the Final Approval Order and Judgment.

      2.2    **Injunctive Relief.** Plymouth Rock has agreed to an injunction that requires it to

create policies and procedures, or revise its existing policies and procedures, to ensure the third

parties that they hire will comply with the TCPA, including comprehensive, effective scrubbing,

and recording and honoring all do-not-call requests, training on these policies and procedures,

and monitoring. The company will also agree to maintain control over its policies, procedures,

training, compliance and monitoring with respect to telemarketing.  Plymouth Rock also agrees

that these new policies, along with any changes to its existing policies, are being created and

implemented as a result of this lawsuit.

      2.3    **Monetary Payments**

      (a)    Settlement Class Members shall have until the Claims Deadline to submit

a Claim Form. Any Settlement Class Member who submits a Claim Form that is determined to

be an Approved Claim shall be entitled to receive a *pro rata* share of the Settlement Class

Recovery, so that each Settlement Class Member who submits an Approved Claim shall be

entitled to receive an amount equal to the Settlement Class Recovery divided by the total number

of Approved Claims.

      (b)    As soon as practicable but no later than sixty (60) days after the Effective

Date, or such other date as the Court may set, the Settlement Administrator shall mail via first-

class mail to each Settlement Class Members who submit an Approved Claim a check containing

the Settlement Class Member's pro rata share of the Settlement Class Recovery.

(c)    All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

(d)    To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the leftover funds associated with those checks to Claimants who cashed their check from the previous round of distribution on a *pro rata* basis, if doing so is administratively feasible. Any remaining monies, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to the Electronic Privacy Information Center ("EPIC") or other organization as directed by the Court.

**3.    RELEASES**

3.1    The Parties intend that this Settlement Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties.

3.2    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.    NOTICE TO THE CLASS**

4.1    Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator shall commence implementation of the Notice Plan, which shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs of the Notice Plan shall be Settlement Administration Expenses, which shall be paid from the Settlement Fund.

4.2     The Notice Plan, which was developed in consultation with the Settlement Administrator, includes:

(a)     *Direct Notice.* Subject to the approval of the Court, the Settlement Administrator shall within twenty-one (21) days after entry of the Preliminary Approval Order mail the Mail Notice via the U.S. Postal Service to the Settlement Class Members in the Class List whose name and address are obtained by the Parties from Plymouth Rock, or can be obtained through a reverse lookup process.

(b)     *Online Media Notice*. The Settlement Administrator will implement an on-line media campaign as designed by the Settlement Administrator, the content of which will be agreed upon by Class Counsel and Plymouth Rock Counsel. The online media campaign will commence no later than twenty-one (21) days after entry of the Preliminary Approval Order.

(c)     *Settlement Website.* The Settlement Administrator will establish and maintain a Settlement Website. Settlement Class Members will have the ability to file Claim Forms on the Settlement Website. Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator will post the Website Notice on the Settlement Website.

4.3     Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a

statement of whether he or she intends to appear at the Final Approval Hearing with or without

counsel. Any member of the Settlement Class who fails to timely file a written objection in

accordance with the terms of this paragraph and as detailed in the Website Notice, and at the

same time provide a copy of the filed objection to the Settlement Administrator, shall not be

permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed

from seeking any review of this Agreement by appeal or other means and shall be deemed to

have waived his or her objections and be forever barred from making any such objections in the

Action or any other action or proceeding. To be timely, the objection must be filed and sent to

the Settlement Administrator on or before the Objection/Exclusion/Claim Deadline approved by

the Court and specified in the Class Notice.

      4.4     Any member of the Settlement Class may request to be excluded from the

Settlement Class by sending a written request for exclusion to the Settlement Administrator

postmarked on or before the Objection/Exclusion/Claim Deadline approved by the Court and

specified in the Class Notice. In order to exercise the right to be excluded, a member of the

Settlement Class must timely send a written request for exclusion to the Settlement

Administrator providing his or her full name, address, and telephone numbers. Further, the

written request for exclusion must include a statement that the member of the Settlement Class

submitting the request wishes to be excluded from the Settlement, and the personal signature of

the member of the Settlement Class submitting the request. A request to be excluded that does

not include all of the foregoing information, or that is sent to an address other than that

designated in the Class Notice, or that is not postmarked within the time specified, shall be

invalid, and any Person serving such a request shall be a Settlement Class Member and shall be

bound as a Settlement Class Member by the Agreement, if approved. Any member of the

Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

5.      **SETTLEMENT ADMINISTRATION**

5.1      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Plymouth Rock Counsel upon request. The Settlement Administrator shall provide reports and other information to the Court as the Court may require. Should the Court request, Class Counsel shall submit a report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall receive objections and exclusion forms and promptly provide to Class Counsel and Plymouth Rock Counsel copies thereof;

5.2      In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

6.      **TERMINATION OF SETTLEMENT**

*Termination Notice*. To the extent that Paragraphs 9.1-9.3 below are not substantially fulfilled, Plymouth Rock, or the Class Representatives on behalf of the Settlement Class, shall have the right to request termination this Agreement by filing written request to do so ("Termination Notice") with the Court and serving that Termination Notice on all other Parties hereto within ten (10) business days of any of the following events: (i) the Court's refusal to enter a Preliminary Approval Order; (ii) the Court's refusal to enter a Final Approval Order and Judgment or any appellate Court refuses to Uphold the Final Approval Order and Judgment in any respect; or (iii) the opt-out of more than 2,500 class members to the settlement. Upon effective termination, the balance of the Common Fund not expended on notice and administration shall be returned to the Defendant.

7.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT.**

7.1     Promptly after the execution of this Agreement, Plaintiffs' counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, certify the Settlement Class for settlement purposes only, appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as Class Representatives, shall set a Final Approval Hearing date, and approve the Class Notice for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Approval Order and Judgment set forth in Paragraph 7.4 below.

7.2     At the time of the submission of this Agreement to the Court as described above, Plaintiffs' counsel and Plymouth Rock shall request that, after Class Notice is disseminated to members of the Settlement Class in accordance with the Notice Plan, the Court hold a Final Approval Hearing and approve the Settlement as set forth herein. The Final Approval Hearing shall be no earlier than one hundred ten (110) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

7.3     The Settlement Administrator, with approval by the Parties, shall be responsible for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"), including the notice requirements in 28 U.S.C. § 1715.

7.4     After Class Notice is disseminated in accordance with the Notice Plan, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits hereto;

(b)     approve the Settlement Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of Settlement Class Members; direct the Parties and their counsel to implement the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

(c)     find that the Class Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

(f)     incorporate the releases set forth above, make those releases effective as of the date of the Final Approval Order and Judgment, and forever discharge the Released Parties as set forth herein; and

(g)    without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

(h)    incorporate any other provisions, as the Court deems necessary and just.

## 8.    CLASS COUNSEL'S FEE AWARD; INCENTIVE AWARD.

8.1    Subject to the Court's approval, Plymouth Rock has agreed that the Settlement Fund can be used to pay the Fee Award to Class Counsel. Class Counsel shall apply, subject to the approval of the Court, for a fee award of up to one-third of the Common Fund, plus out-of-pocket costs incurred by Class Counsel in this litigation. Nothing in this Agreement requires Plymouth Rock to take any position with respect to this paragraph.

8.2    In lieu of any payments on claims to which they may be entitled as a Settlement Class Member under the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Class Representatives shall, subject to the approval of the Court, each be awarded an incentive award in the amount of fifteen thousand dollars ($15,000). Nothing in this Agreement requires Plymouth Rock to take any position with respect to this paragraph.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

(a)    This Agreement has been signed by Plaintiffs, or their representative, and Plymouth Rock;

(b)    The Court has entered the Preliminary Approval Order;

(c)     The Court has entered the Final Approval Order and Judgment, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Approval Order and Judgment, or a final approval order and judgment substantially consistent with this Agreement (the "Alternative Final Approval Order and Judgment"); and

(d)     The Final Approval Order and Judgment has become Final, as defined above.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, then this Settlement Agreement shall be canceled and terminated unless Plaintiffs' counsel and Plymouth Rock mutually agree in writing to proceed with this Agreement.

9.3     If this Agreement is terminated or fails to become Effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.     MISCELLANEOUS PROVISIONS

10.1     Plymouth Rock has agreed to provide an affidavit (1) that verifies the accuracy of the financial information provided in the mediation context and (2) the cost to Plymouth Rock of providing the injunctive relief that the parties have agreed to, which is estimated to be $150,000.

10.2     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Plaintiffs' counsel and Plymouth Rock agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Plymouth Rock, or each or any of them, in bad faith or without a reasonable basis.

10.4    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.5     The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity

of any Released Claims, the truth of any fact alleged by the Class Representatives, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(c)    is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiffs or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6    Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation."  The words "hereof", "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement.  All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

10.7    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8     Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

10.9     Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.10   This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

10.11   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.12   This Agreement has been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class**:

_____     Date: _____
Philip Charvat
Class Representative

_____     Date: _____
Sabrina Wheeler
Class Representative

_____     Date: _____
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA  02110

**For Plymouth Rock, LLC**

_____     Date: _____
Adam Sokol                                            12/29/2016
President
Plymouth Rock Energy, LLC

_____     Date: 12/29/16
Simon Fleischmann
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to
be executed.

**For Plaintiffs and the Settlement Class:**

_____     Date: _____
Philip Charvat
Class Representative

_____     Date: 12-22-2016.
Sabrina Wheeler
Class Representative

_____     Date: 12/22/16
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA  02110

**For Plymouth Rock, LLC**

_____     Date: _____
David Sokol
President
Plymouth Rock Energy, LLC

_____     Date: _____
Simon Fleischmann
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____     Date: _12/21/16_
Philip Charvat
Class Representative

_____     Date: _____
Sabrina Wheeler
Class Representative

_____     Date: _____
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA  02110

**For Plymouth Rock, LLC**

_____     Date: _____
David Sokol
President
Plymouth Rock Energy, LLC

_____     Date: _____
Simon Fleischmann
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606

# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| PHILIP J. CHARVAT and SABRINA WHEELER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>PLYMOUTH ROCK ENERGY, LLC, ENERGY ACQUISITIONS GROUP, LLC, and JOHN WILLIAM VAN TUBERGEN,<br><br>                    Defendants. | NO. 2:15-cv-04106-JMA-SIL<br><br>**DEMAND FOR JURY** |

**[PROPOSED] FINAL ORDER OF JUDGMENT AND DISMISSAL WITH PREJUDICE**

This matter came before the Court upon consideration of Plaintiffs' Motion for Final

Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs,

and Class Representative Service Award.  After considering the motions and the declarations and

exhibits submitted with the motions, the Court enters this Final Order of Judgment and Dismissal

with Prejudice ("Final Order of Judgment"), which constitutes a final adjudication on the merits

of all claims of the Settlement Class.  It is **HEREBY ORDERED** that the motions are

**GRANTED**, the Settlement Class is certified, the Class Action Settlement Agreement

("Agreement")[1] is approved, Class Counsel are awarded $_____ in fees and $_____ in

costs, and service awards in the amount of $_____ each are approved for Plaintiffs Philip J.

Charvat and Sabrina Wheeler.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Agreement.

**WHEREAS**, on or about _____, 2016, the Parties filed the Agreement (Docket No. ___) which sets for the terms and conditions of the settlement and release of certain claims against Defendant Plymouth Rock Energy, LLC and the Released Parties ("Settlement");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for orders finally approving the Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees, costs, and service awards to the Plaintiffs;

**WHEREAS**, the Court preliminary approved the Settlement on _____, and Class Notice was given to all Settlement Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, and has held a hearing after Class Notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Order of Judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on _____, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of all of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the Parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

THEREFORE, the following is HEREBY ORDERED:

1.     This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2.      The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

3.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Settlement Class is certified as follows:

> All persons who, on or after July 13, 2011 through the date of preliminary approval in this action, received a call promoting Plymouth Rock's goods or services on a cellular telephone using an automatic telephone dialing system or prerecorded voice, or who were on the National Do-Not-Call Registry and received more than one call in a twelve month period from Plymouth Rock, or any third party calling on Plymouth Rock's behalf.

4.      For purposes of settlement, Plaintiffs Philip J. Charvat and Sabrina Wheeler are hereby appointed the "Class Representatives."

5.      For purposes of settlement, the attorneys at Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Terrell Marshall Law Group PLLC, and The Richman Law Group are hereby appointed as Class Counsel.

6.      In the event that the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Agreement.

7.      This Court finds that the Class Notice given to members of the Settlement Class pursuant to the terms of the Agreement fully and accurately informed such members of all material elements of this settlement and constituted valid, sufficient, and due notice to all such members.  The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.  Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order.

8.      Settlement Class Members who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order and Judgment.  Attached hereto as Exhibit A is a list of all Settlement Class Members who opted out of the Settlement Class.

9.      The Court finally approves this Settlement, and finds that it is fair, reasonable, and adequate.

10.     The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Agreement.

11.     The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12.     The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13.     Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14.     The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.  The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such

Class Notice.  The Class Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the settlement, and their opportunity to exclude themselves from, object to, or comment on the settlement and appear at the final fairness hearing.  The Court has afforded a full opportunity to all Settlement Class Members to be heard.  Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Final Order of Judgment.

15.    Within ten (10) days after the filing of the proposed Agreement in this Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the notice was provided, as required by 28 U.S.C. § 1715(d).

16.    The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $_____ in fees and $_____ in out-of-pocket litigation costs.  These amounts shall be paid from the Settlement Fund pursuant to the terms of the Agreement.  The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members.  In addition, the Court finds that the Agreement was negotiated at arms' length and without collusion.

17.     The Court approves payment of service awards to Plaintiffs in the amount of

$_____ each.  This amount shall be paid from the Settlement Fund pursuant to the terms of

the Agreement.

18.     Neither this Final Order of Judgment nor the Agreement is an admission or

concession by Plymouth Rock of the validity of any claims or of any liability or wrongdoing or

of any violation of law.  This Final Order of Judgment and the Agreement do not constitute a

concession and shall not be used as an admission or indication of any wrongdoing, fault, or

omission by Plymouth Rock or any other person in connection with any transaction, event, or

occurrence, and neither this Final Order of Judgment nor the Agreement nor any related

documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in

evidence in any civil, criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to consummate or enforce this Final Order of Judgment, the

Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res

judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.  This

Final Order of Judgment also does not constitute any opinion or position of this Court as to the

merits of the claims and defenses related to this Action.

19.     If final approval does not occur, the parties shall be returned to the status quo ex

ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus

this Final Order of Judgment and all other findings or stipulations regarding the Settlement shall

be automatically void, vacated, and treated as if never filed.

20.     This Court retains jurisdiction to consider all further matters arising out of or

connected with the Settlement, including the implementation and enforcement of the Agreement.

21.     There were ___ objections to the settlement.  They are all overruled.  Thus, the

Court finds that no justifiable reason exists for delaying entry of this Final Order of Judgment.

        **THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final

Order of Judgment and Dismissal with Prejudice.

        IT IS HEREBY ORDERED.

        DATED this _____ day of _____, 2017.


        _____
        United States District Court

# EXHIBIT 2

### A COURT AUTHORIZED
### THIS LEGAL NOTICE

**If you received calls on your cellular telephone or more than one call on your telephone number registered on the National Do Not Call Registry on behalf of Plymouth Rock Energy, you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Charvat, et al. v. Plymouth Rock Energy, LLC, et al.*, No. 2:15-cv-04106 (U.S. District Court E.D.N.Y.), where Plaintiffs allege that third parties hired by Plymouth Rock caused calls to be placed to cellular phones through the use of an automatic telephone dialing system, as well as to numbers registered on the National Do-Not-Call Registry. Plymouth Rock denies any wrongdoing, has asserted defenses, and in agreeing to settle, does not admit any wrongdoing.

**Plymouth Rock Energy Settlement Claims Administrator**
P.O. Box XXXX
City, State Zip Code

| First-Class |
| Mail |
| US Postage |
| Paid |
| Permit #__ |

«Barcode»

Postal Service: Please do not mark barcode

Claim ID #: «ClaimID»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

---

<Barcode>

## Plymouth Rock Energy Settlement Claim Form

To make a claim, fill out each section of this Form, sign where indicated, carefully tear at perforation, and drop in the mail.  Claim Forms must be submitted by **Month XX, XXXX**.  You may also complete your Claim Form online at www.XXX.com.  Please have your unique identifier ready.

**Part I:  Claimant Identification.**

Name (First, Last): _____, _____
Street Address: _____
City: _____ State: _____ ZIP Code: _____
Foreign Country (only if not USA): _____
Contact Phone #: (_____) _____ – _____ (Optional)

**Part II:  Claim.   Unique Identifier: «ClaimID»**

Phone number at which you received calls regarding Plymouth Rock: (_____) _____ – _____

**Part III:  Certification.**  By submitting this Claim Form, I certify that the foregoing information supplied by the undersigned is true and correct.

Signature: _____ Date: _____/ _____/ _____

Print Name: _____

**WHO IS A CLASS MEMBER?**

You may be in the Settlement Class if, on or after July 13, 2011, you received a call to your cellular telephone line made through the use of an automatic telephone dialing system or two or more calls to your telephone number that is registered on the National Do-Not-Call Registry by or on behalf of Plymouth Rock Energy, LLC ("Plymouth Rock").

**SETTLEMENT TERMS**

Plymouth Rock will pay $1,675,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit Claim Forms; (2) attorneys' fees to Class Counsel not to exceed $558,333.33 plus litigation costs of approximately $56,000 Class Counsel incurred prosecuting this litigation as approved by the Court; (3) court-approved service award of $15,000 to each Class Representative; and (4) the costs of administering the settlement. Your share of the fund will depend on the number of claims made. However, Class Counsel estimate you will receive approximately $125-$175. The $1,675,000 will be divided among Settlement Class Members who file timely, valid claims after deducting settlement expenses, the service awards, and attorneys' fees and costs.

**YOUR RIGHTS AND OPTIONS**

**Submit a Claim Form**. To receive a cash award, fill out the attached Claim Form and drop it in the mail. You may also submit a Claim Form electronically on the Settlement Website: www.XXX.com. You may request a Claim Form by calling 1-XXX-XXX-XXXX or you may download a Claim Form on the Settlement Website. Settlement Class Members may only submit one claim. Your Claim Form must be postmarked no later than Month XX, XXXX.

**Opt Out**. You may also exclude yourself from the lawsuit and keep your right to sue Plymouth Rock on your own by sending a written request for exclusion to the Settlement Administrator by Month XX, XXXX. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please visit the Settlement Website for more details.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by Month XX, XXXX, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing.** If you do nothing, you will not receive any payment and will lose the right to sue regarding any issues relating to this action. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved on Month XX, XXXX at X:00 _.m. at the United States District Court for the Eastern District of New York, Brooklyn Division, located at 225 Cadman Plaza East, Courtroom 6E, Brooklyn, New York 11201. All persons who timely object to the settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing. The Court will also consider Class Counsel's fee request, which will be posted on the Settlement Website on Month XX, XXXX. Class Counsel is seeking a payment for fees and costs of up to $558,333.33, which amounts to 33 1/3% of the total $1,675,000 fund.

**This Notice is only a summary. You can find more details about the settlement on the website: www.XXX.com or by calling toll free 1-XXX-XXX-XXXX. Please do not contact the Court.**

---

| NO POSTAGE |
| NECESSARY |
| IF MAILED IN |
| THE UNITED |
| STATES |

Plymouth Rock Energy Settlement
Claims Administrator
P.O. Box XXXX
City, State Zip Code

# **EXHIBIT 3**

*Charvat, et al. v. Plymouth Rock Energy, LLC, et al.*
United States District Court for the Eastern District of New York
Case No. 2:15-cv-04106-JMA-SIL

**Plymouth Rock Energy Settlement Claim Form**

To make a claim, Settlement Class Members must complete and submit a claim by Month XX, XXXX.  You may also complete your Claim Form online at www.XXX.com, please have your unique identifier ready.

Submit your Claim Form by mail to the address below:

Plymouth Rock Settlement Administrator
P.O. Box XXXX
City, State Zip Code

**Part I:**          **Claimant Identification**

_____          _____
First Name                                Last Name

_____
Address 1 (street name and number)

_____          _____          _____
City                              State              Zip Code

_____
Foreign Country (only if not USA)

(_____) _____
Optional Telephone Number (Home)

**Part II:**     **Claim**

**Unique Identifier**

_____    _____    _____    _____    _____    _____    _____    _____    _____    _____

Please enter the 10 digit unique identifier published in the postcard notice that you received. If you did not receive a notice, or cannot locate the 10 digit unique identifier, you may leave this field blank.

**Phone number** at which you received calls regarding Plymouth Rock:

(_____) _____ - _____

**Part III:**     **Certification:**

By submitting this Claim Form, I certify that the foregoing information supplied by the undersigned is true and correct.

_____
Signature of Claimant

_____          _____
Print Name of Claimant                            Date (MMDDYY)

Questions?  Visit www.XXX.com or call 1-XXX-XXX-XXXX.

# **EXHIBIT 4**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| PHILIP J. CHARVAT and SABRINA WHEELER, individually and on behalf of all others similarly situated, | NO. 2:15-cv-04106-JMA-SIL |
| Plaintiffs, | **DEMAND FOR JURY** |
| v. | |
| PLYMOUTH ROCK ENERGY, LLC, ENERGY ACQUISITIONS GROUP, LLC, and JOHN WILLIAM VAN TUBERGEN, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT CLASS**

WHEREAS, on or about December 22, 2016, the Parties entered into a Class Action Settlement Agreement ("Agreement"), which sets forth the terms and conditions of the settlement and release of certain claims against Defendant Plymouth Rock Energy, LLC (hereinafter "Plymouth Rock"); the Court having reviewed and considered the Agreement and all of the filings, records, and other submissions; the Court finds upon a preliminary examination that the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Settlement Order and Final Judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing").

**THEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1.        This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2.        The Court finds that (a) the Agreement resulted from arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the members of the Settlement Class.

3.        Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as follows:

> All persons who, on or after July 13, 2011 through the date of preliminary approval in this action, received a call promoting Plymouth Rock's goods or services on a cellular telephone using an automatic telephone dialing system or prerecorded voice, or who were on the National Do-Not-Call Registry and received more than one call in a twelve month period from Plymouth Rock, or any third party calling on Plymouth Rock's behalf.

The Settlement Class does not include any persons who validly request exclusion from the Class.

4.        For purposes of settlement only, the Court hereby appoints Plaintiffs Philip J. Charvat and Sabrina Wheeler as "Class Representatives" pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these Class Representatives have and will fairly and adequately protect the interests of the Settlement Class.

5.        For purposes of settlement only, the Court appoints the attorneys at Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Terrell Marshall Law Group PLLC, and The Richman Law Group as Class Counsel and finds that Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

6.      The Court preliminarily finds that the Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as follows:

a.      The number of members in the Settlement Class appears to be so numerous that joinder of all members is impracticable;

b.      There appear to be common questions of law and fact;

c.      The claims of the Class Representatives appear to be typical of the claims of the Settlement Class;

d.      The Class Representatives and Class Counsel appear to be able to fairly and adequately represent and protect the interests of the Settlement Class;

e.      The questions of law and fact common to the members of the Settlement Class appear to predominate over individual questions of law and fact; and

f.      A class action settlement appears to be superior to other methods of adjudication.

7.      The Court appoints Kurtzman Carson Consultants, LLC ("KCC") as the Settlement Administrator, who shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

8.      The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail and an online media campaign as set forth in the Agreement and its attached exhibits ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all

circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Agreement, the right to object to the settlement and to exclude themselves from the Settlement Class, and the process for submitting a claim for monetary relief.

9.      Pursuant to the Agreement, the Settlement Administrator shall provide individual notice via U.S. Mail to the most recent mailing address of the Settlement Class and via online media campaign no later than _____, which is twenty-one (21) days following entry of this Order.

10.     Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Settlement Administrator in writing no later than _____ ("Opt-Out Deadline"), which is sixty (60) days after the date notice is sent to the Settlement Class.  All such writings must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

11.     Any Settlement Class Member who desires to object to the fairness of this settlement must file a written objection with the Court by _____ ("Objection Deadline"), which is sixty (60) days from the date notice is mailed to the Settlement Class.  The objection must provide the objector's name, address, telephone number at which the calls were received, and the reason(s) for the objection.

12.     Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense.  Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than ten (10) days prior to the Final Approval Hearing.  Any member of the Settlement Class who fails to comply with this provision shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this

settlement and the orders and judgments of this Court.  Class Counsel shall file responses to any valid objections no later than fifteen (15) days prior to the Final Approval Hearing.  Plymouth Rock's counsel also may file responses, but no later than fifteen (15) days prior to the Final Approval Hearing.

13.     The Court approves the claims procedures set forth in the Agreement.  The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit 3 to the Agreement.  A properly executed Claim Form must be submitted as required in the Notice over the Internet or postmarked by a date specified in the Class Notice.

14.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Settlement Order and Final Judgment under this settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for a service award to the class representative; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate.  At the Final Approval Hearing, the Court may enter the Settlement Order and Final Judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members.

15.     The Final Approval Hearing is scheduled for _____.

16.     All memoranda and other submissions in support of the Settlement shall be filed no later than fifteen (15) days prior to the Final Approval Hearing, including proof of compliance

with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §
1715.

17.     All notice and Settlement Administration expenses shall be paid from the
Settlement Fund pursuant to the Agreement.

18.     On or before thirty (30) days after the Notice Date, Class Counsel shall file and
serve an application for an award of attorneys' fees and out-of-pocket costs, and an application
for service awards to Plaintiff.  The application shall be posted on the Settlement Website within
twenty-four hours after the day it is filed.

19.     On or before fifteen (15) days prior to the Final Approval Hearing, Class Counsel
shall file and serve a motion for final approval and responses to any objections.

20.     All members of the Settlement Class will be bound by all orders pertaining to the
settlement unless such persons request exclusion from the Settlement Class.  Members of the
Settlement Class who do not timely and validly request exclusion shall be so bound, even if they
have previously or subsequently initiated individual litigation or other proceedings against the
Released Parties relating to the Release Claims.

21.     Settlement Class Members do not need to appear at the Final Approval Hearing or
take any other action to indicate their approval and partake in this settlement.

22.     This Order and the settlement are not admissions or concessions by Plymouth
Rock of any liability or wrongdoing.  This Order is not a determination of liability or
wrongdoing.  This Order also does not constitute any opinion or position of this Court as to the
merits of the claims and defenses related to this Action.

23.     This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this Settlement and issue a Final Approval Order and Judgment.

24.     Pending final determination of whether the settlement should be approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

25.     If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement, including, but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

26.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

27.     This Court retains jurisdiction to consider all further matters arising out of or connected with the settlement.  The Court reserves the right to adjourn or continue the date of the

Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

28.     The following timeline will govern proceedings through the Final Approval Hearing:

| | |
|---|---|
| Twenty-one (21) days after entry of this Order | Deadline to make the Settlement Website available |
| Twenty-one (21) days after entry of this Order | Deadline to mail notice |
| Sixty (60) days after entry of this Order | Deadline for Class Counsel to file fee petition and request for service awards |
| Ninety (81) days after entry of this Order | Deadline for Settlement Class Members to submit claims, exclusion requests, and objections |
| Fifteen (15) days before Final Approval Hearing | Deadline to file responses to objections and motion for final approval |
| At the court's convenience but no earlier than 110 days after entry of this order | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this ___ day of _____, 2016.


_____

United States District Court

- 8 -

# EXHIBIT 5

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

*Charvat, et al. v. Plymouth Rock Energy, LLC, et al.*
Case No. 2:15-cv-04106-JMA-SIL

# If calls from Plymouth Rock were directed to your cellular telephone OR you received any calls to a telephone number previously registered on the National Do-Not-Call Registry, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Plymouth Rock Energy, LLC ("Plymouth Rock") has agreed to pay $1,675,000 into a fund from which eligible persons or entities who file claims will receive cash awards, estimated to be approximately $125-$175 per claim.

- The settlement resolves a lawsuit involving allegations that third parties hired by Plymouth Rock called people on or after July 13, 2011 on their cellular telephone lines using an automatic telephone dialing system or artificial or prerecorded voice and calling telephone numbers previously registered on the National Do-Not-Call Registry.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $558,333.33 plus litigation costs of approximately $56,000 Class Counsel incurred prosecuting this litigation of the fund as fees and to reimburse them for investigating the facts, litigating the case, and negotiating and overseeing the settlement.

- Plymouth Rock denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Plymouth Rock does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiffs and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Plymouth Rock about the legal claims in this case. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

# BASIC INFORMATION

## 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Charvat, et al. v. Plymouth Rock Energy, LLC, et al.*, Case No. 2:15-cv-04106-JMA-SIL. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representatives allege that, on or after July 13, 2011, Plymouth Rock violated the Telephone Consumer Protection Act ("TCPA") by making calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice and to telephone numbers that were listed on the National Do-Not-Call Registry. The class representatives allege that Plymouth Rock did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge Joan M. Azrack (the "Court") is in charge of this class action.

Plymouth Rock denies that it did anything wrong, and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

## 3. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Plymouth Rock. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am a part of the settlement?

You are in the "Settlement Class" if, on or after July 13, 2011, Plymouth Rock, or a third party acting on Plymouth Rock's behalf:

(1)     Called you on a cellular telephone using an automatic telephone dialing system or prerecorded voice; or

(2)     Called you two or more times within a twelve month period on a telephone number that was on the National Do-Not-Call Registry.

The Settlement Class does not include Plymouth Rock, any entity that has a controlling interest in Plymouth Rock, and Plymouth Rock's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class, as described under Question 10. A person who does not exclude him or herself is a "Settlement Class Member."

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 5. What does the settlement provide?

Plymouth Rock has agreed to pay $1,675,000 to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Plymouth Rock has also agreed to create policies and procedures that ensure the third parties that they hire will comply with the TCPA, including comprehensive, effective scrubbing, and recording and honoring all do not call requests, training on these policies and procedures, and monitoring. Plymouth Rock also agrees to maintain control over its policies, procedures, training, compliance and monitoring with respect to telemarketing.

## 6. How much will my payment be?

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit. Class Counsel estimate you will receive approximately $125-$175 per claim, but this is only an estimate.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

## 7. How do I make a claim?

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A Claim Form was mailed to potential Class Members in the form of a postcard notice. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Plymouth Rock Energy Settlement
Settlement Administrator
P.O. Box. XXXX
City, State Zip Code

## 8. When will I get my payment?

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

## 9. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Plymouth Rock regarding the TCPA claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes, but is not limited to, telemarketing-related claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to cellular phones, or calling telephone numbers on the National Do-Not-Call Registry without consent by Plymouth Rock or on Plymouth Rock's behalf.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Plymouth Rock, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Charvat v. Plymouth Rock Energy* settlement. You must sign the letter and include the following statement: "I request to be excluded from the settlement in the Plymouth Rock Energy action." Please be sure to include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

Plymouth Rock Energy Settlement
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Plymouth Rock in the future.

## 11. If I don't exclude myself, can I sue Plymouth Rock for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Plymouth Rock for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

## 12. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Terrell Marshall Law Group PLLC, and The Richman Law Group to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $558,333.33 to them for attorneys' fees plus litigation costs of approximately $56,000 Class Counsel incurred. The requested fees amount to 33 1/3% of the total $1,675,000 fund. This payment would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $15,000 each for the named Plaintiffs to compensate them for their time and effort. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 15. How do I object to the settlement?

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Charvat v. Plymouth Rock Energy, LLC.* You must make your objection in writing and file it with the Court. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class; and (b) include a statement of your specific objections, as well as any documents that you would like the Court to consider. You must file the objection with the Court no later than Month XX, XXXX.

*Charvat v. Plymouth Rock Energy, LLC*
Case No. 2:15-cv-04106-JMA-SIL
Clerk of the Court
U.S. District Court for the Eastern District of New York
Brooklyn Division
225 Cadman Plaza East
Brooklyn, NY 11201

### 16. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 17. When and where will the Court hold a hearing on the fairness of the settlement?

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable Joan M. Azrack at the United States District Court for the Eastern District of New York, Brooklyn Division, 225 Cadman Plaza East, Courtroom 6E, Brooklyn, New York 11201. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the Settlement website, www.XXX.com.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

## 19. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection (*see* Question 15, above) and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Charvat v. Plymouth Rock Energy, LLC*, Case No. 2:15-cv-04106-JMA-SIL." Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. Your Notice of Intention to Appear must be received at the address in Question 15, no later than Month XX, XXXX. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Plymouth Rock about the legal issues released in this case.

# GETTING MORE INFORMATION

## 21. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to Jennifer Murray, Terrell Marshall Law Group PLLC, 936 North 34th Street, Suite 300, Seattle, Washington 98103.

## 22. How do I get more information?

You can call 1-XXX-XXX-XXXX toll free; write to Plymouth Rock Energy Settlement Administrator, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may write to Terrell Marshall Law Group PLLC, 936 North 34th Street, Suite 300, Seattle, Washington 98103.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**