# BRODERICK & PARONICH, P.C.

99 High St., Suite 304
Boston, Massachusetts 02110

Anthony I. Paronich

Tel. (508) 221-1510
Fax (617) 830-0327
anthony@broderick-law.com

March 7, 2017

*VIA CM-ECF ONLY*

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Philip J. Charvat et al. v. Plymouth Rock Energy et al.*
      U.S. District Court Eastern District of New York Cause No. 2:15-cv-04106

Your Honor:

You asked Plaintiffs to supplement their motion for preliminary approval with the following information: (1) a description of the specifics of the proposed internet publication notice; (2) legal authority for sending direct mail notice via a summary postcard; (3) information regarding the difference in cost between sending a post-card rather than the eight page long-form notice; and (4) information about why the Electronic Privacy Information Center ("EPIC") is an appropriate *cy pres* recipient of any funds from uncashed checks following the distributions to settlement fund claimants. Plaintiffs responds as follows:

**Internet Publication Notice**. Experienced notice provider Kurtzman Carson Consultants LLC ("KCC") was retained to administer the proposed settlement. Pursuant to the settlement terms, KCC will provide direct notice to Settlement Class members for whom a valid postal address exists in Defendant's records or can be obtained through a reverse telephone number lookup process. *See* Declaration of Daniel Burke (attached) ¶¶ 7-11. In addition to the individual notice, KCC will implement an internet notice banner campaign. *Id.* ¶ 12. The proposed internet banner campaign will result in approximately 36 million internet impressions on the Google Display Network. *Id.* The campaign will target adults 25 years of age and older residing in New York, New Jersey, Pennsylvania, Maryland, Ohio, and Illinois. The campaign targets those states because Defendant's telemarketing efforts targeted consumers in those states, because those were the only states that the Defendant was permitted to acquire residential customers. *Id.* ¶ 13.

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
March 7, 2017
Page 2

Proposed forms of the banner notice are attached to the Burke Declaration at <u>Exhibit 2</u>. The clear, easy-to-read banners direct proposed Settlement Class members to click to reach the settlement website, at which they can obtain more information and documents related to the settlement. Burke Declaration ¶¶ 14, 15 & Ex. 2.

**Authority for Sending Direct Notice by Postcard**. For purposes of direct mail notice, the proposed settlement provides that KCC send Settlement Class members a summary postcard by U.S. Mail that directs Settlement Class members to the settlement website. Postcard notices are commonly used in Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") class action settlements like this one. *See* Burke Declaration ¶ 20 (citing *Robles v. Lucky Brand Inc.*, No. 10-cv-04846 MMC (N.D. Cal.); *Newman v. AmeriCredit*, No. 11cv3041 (S.D. Cal.); *Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-05245-KLS (W.D. Wash.); *Couser v Comenity Bank*, No. 3:12-cv-02484-MMA-BGS (S.D. Cal.); *Guarisma v. Blue Cross Blue Shield of Florida*, No. 1:13-cv-21016-FAM (S.D. Fla.); *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.); *Kran v. Hearst Communications, Inc.*, No. 0:15-cv-02058-MJD-BRT (D. Minn.); *Lushe v. Verengo, Inc.*, No. 13-cv-07632 (C.D. Cal.); *Luster v. Duncan Solutions*, No. 1:14-cv-00112-AT (N.D. Ga.); *Prater v. Medicredit, Inc.*, No. 4:14-cv-00159 (E.D. Mo.); *Sherman v. Kaiser Foundation Health Plan, Inc.*, No. 13-cv-00981-JAH-JMA (S.D. Cal.); *Stemple v. QC Holdings*, No. 12-cv-01997-BAS-WVG (S.D. Cal.); *Willis v. iHeartMedia, Inc.*, No. 2016 CH 02455 (Cir. Ct. Cook County, Ill.); *Charvat v. AEP Energy*, No. 1:14-cv-03121 (N.D. Ill.); and *In Re Life Time Fitness, Inc. TCPA Litigation*, MDL 2564 (D. Minn.).)

Furthermore, the Federal Judicial Center has found that potential recipients of class notices are more likely to read postcard notices than long-form notices. Burke Declaration ¶ 22. The U.S. Postal Service also has conducted studies, albeit outside the class action context, and determined that compared to documents mailed in a letter sized or larger envelope, postcards are "more likely to be read; more likely to be viewed as useful, more likely to be considered interesting; and more likely to receive a response. *Id.* ¶ 23.

**Relative Cost of Sending a Postcard**. If a long form notice were sent to the Settlement Class rather than a postcard, the cost of notice would increase by approximately $13,000. Burke Declaration ¶ 21. While the cost of notice is funded by the defendant, that amount comes from the common fund, which will result in a smaller recovery for class members.

**Electronic Privacy Information Center**. The proposed settlement sets forth a procedure for disbursing any funds remaining in the settlement fund due to uncashed checks. The

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
March 7, 2017
Page 3

proposed settlement provides that KCC first must distribute any leftover funds associated with uncashed checks to claimants who cashed their settlement checks on a *pro rata* basis, if doing so is administratively feasible. Settlement Agreement (Doc. 50-1) ¶ 2.3(d). If any monies remain after this second distribution, they will be distributed as a *cy pres* award to EPIC. *Id.* EPIC is an appropriate *cy pres* designee for the following reasons. The district court has discretion to distribute residual settlement funds to a *cy pres* recipient when two elements are met. First, *cy pres* designations should be made only when "it is not feasible to make further distributions to class members." *In re Citigroup Inc. Sec. Litig.*, --- F.3d ---, 07-Cv-9901 (SHS), 2016 WL 4198194, at *3 (S.D.N.Y. Aug. 9, 2016) (citing cases). Second, the *cy pres* designee "must have some relationship to the original class." *Id.* (citing *In re Lupron Mktg. & Sales Prac. Litig.*, 677 F.3d 21, 33 (1st Cir. 2012) and *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)). Both requirements are satisfied here.

The proposed settlement provides for a distribution of funds from uncashed checks to *cy pres* designee EPIC only after first distributing any residual funds on a pro rata basis to Settlement Class who cashed their checks. Thus, the first element is met. As for the second element, the purpose of the TCPA is to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automated dialers." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (quoting S. Rep. No. 102-178, at 1 (1991) reprinted in 1991 U.S.C.C.A.N. 1968) (internal marks omitted). EPIC is an organization that works to protect and defend consumer privacy and to promote the public voice in decisions. Thus, a nexus exists between EPIC's mission and the original class. EPIC has been approved as a *cy pres* designee in cases involving alleged violations of the TCPA and other privacy statutes. *See, e.g., Perkins Aboudi v. T-Mobile USA, Inc.*, No. 12cv2169 BTM (NLS), 2015 WL 4923602, at *3 (S.D. Cal. Aug. 18, 2015) (approving EPIC to receive cy pres funds in TCPA case); *Perkins v. Linkedin Corp.*, Case No. 13-CV-04303-LHK, 2016 WL 613255, at *11 (N.D. Cal. Feb. 16, 2016) (finding EPIC "well-suited" to be a cy pres recipient in a case involving allegations of privacy violations).

                                               Respectfully submitted,

                                               */s/ Anthony I. Paronich*

                                               Anthony I. Paronich

cc:      All Counsel of Record