**FILED
CLERK**

7/31/2018 4:43 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| PHILIP J. CHARVAT and SABRINA WHEELER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PLYMOUTH ROCK ENERGY, LLC, ENERGY ACQUISITIONS GROUP, LLC, and JOHN WILLIAM VAN TUBERGEN,<br><br>        Defendants. | NO. 2:15-cv-04106-JMA-SIL<br><br>**ORDER** |

## [PROPOSED] FINAL ORDER OF JUDGMENT AND DISMISSAL WITH PREJUDICE

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Service Award. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Order of Judgment and Dismissal with Prejudice ("Final Order of Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Settlement Class is certified, the Class Action Settlement Agreement ("Agreement")[1] is approved, Class Counsel are awarded $548,333 in fees and $50,360 in costs, and service awards in the amount of $10,000 each are approved for Plaintiffs Philip J. Charvat and Sabrina Wheeler.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Agreement.

**WHEREAS**, on or about December 29, 2016, the Parties filed the Agreement (DE [50-1]) which sets for the terms and conditions of the settlement and release of certain claims against Defendant Plymouth Rock Energy, LLC and the Released Parties ("Settlement");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for orders finally approving the Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees, costs, and service awards to the Plaintiffs;

**WHEREAS**, the Court preliminary approved the Settlement on September 15, 2017, and Class Notice was given to all Settlement Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, and has held a hearing after Class Notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Order of Judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on January 8, 2018 at 2:00 p.m., at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of all of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the Parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

THEREFORE, the following is HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Settlement Class is certified as follows:

> All persons who, on or after July 13, 2011 through the date of preliminary approval in this action, received a call promoting Plymouth Rock's goods or services on a cellular telephone using an automatic telephone dialing system or prerecorded voice, or who were on the National Do-Not-Call Registry and received more than one call in a twelve month period from Plymouth Rock, or any third party calling on Plymouth Rock's behalf.

4. For purposes of settlement, Plaintiffs Philip J. Charvat and Sabrina Wheeler are hereby appointed the "Class Representatives."

5. For purposes of settlement, the attorneys at Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Terrell Marshall Law Group PLLC, and The Richman Law Group are hereby appointed as Class Counsel.

6. In the event that the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Agreement.

7. This Court finds that the Class Notice given to members of the Settlement Class pursuant to the terms of the Agreement fully and accurately informed such members of all material elements of this settlement and constituted valid, sufficient, and due notice to all such members. The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law. Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order.

8. Settlement Class Members who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order and Judgment. No Settlement Class Members opted out of the Settlement Class.

9. The Court finally approves this Settlement, and finds that it is fair, reasonable, and adequate.

10. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Agreement.

11. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such Class Notice. The Class Notice given to members of the Class satisfied the requirements of

Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the settlement, and their opportunity to exclude themselves from, object to, or comment on the settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Final Order of Judgment.

15.     Within ten (10) days after the filing of the proposed Agreement in this Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the notice was provided, as required by 28 U.S.C. § 1715(d).

16.     The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $548,333 in fees and $50,360 in out-of-pocket litigation costs. These amounts shall be paid from the Settlement Fund pursuant to the terms of the Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Agreement was negotiated at arms' length and without collusion.

17.     The Court approves payment of service awards to Plaintiffs in the amount of $10,000 each.  This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

18. The Court approves $124,983.15 in administration costs.  This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

19. Plymouth Rock is hereby required to create policies and procedures that ensure the third parties they hire will comply with the TCPA. Plymouth Rock's policies shall require third parties to (1) use comprehensive, effective telephone number scrubbing; (2) record and honor all do not call requests; (3) train employees on these policies and procedures; and (4) monitor TCPA compliance. Plymouth Rock also is hereby required to maintain control over its policies, procedures, training, compliance, and monitoring with respect to telemarketing.

20. Neither this Final Order of Judgment nor the Agreement is an admission or concession by Plymouth Rock of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Order of Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Plymouth Rock or any other person in connection with any transaction, event, or occurrence, and neither this Final Order of Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Order of Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Order of Judgment also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

21. If final approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus

this Final Order of Judgment and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

22. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

23. There was one objection to the settlement filed by Frederica Sagiani. That objection is overruled. Thus, the Court finds that no justifiable reason exists for delaying entry of this Final Order of Judgment.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Order of Judgment and Dismissal with Prejudice.

IT IS HEREBY ORDERED.

DATED this 31st day of July, 2018.

                                            /s/ (JMA)
                                        Joan M. Azrack
                                        United States District Court